*544 OPINION.
SteRNhagen:
Neither from the evidence nor from respondent’s notice of deficiency attached to the petition does it appear clearly what property petitioner returned as part of the gross estate, what property respondent added in determining the deficiency, or what of such property the petitioner now seeks to have excluded from the gross estate. The prayer of the petition is that the Board hold certain shares to belong to decedent at death. But this does not reflect the issue, since petitioner is obviously seeking the exclusion of certain other property which respondent has apparently refused to exclude. More specifically, it is not clear whether petitioner seeks to exclude all the securities first listed in the trust agreement or only those later listed in the agreement, the income from which was to be paid to the wife.
*545 But our conclusion is perhaps broad enough to dispose of the issue in either scope; for if respondent has included the latter securities, as the arguments of counsel seem to imply, he manifestly has included all.
From the evidence it may be inferred that the decedent owned all the securities up until April' 27, 1920, when the agreements were made. The certificates were in his name, and the wife’s statement that “ he took the position that the property belonged to us equally ” is not demonstrative of her ownership, nor is a vague statement of the lawyer who drew the agreement of any probative force. On that date, decedent did not transfer ownership of the property. He merely deposited the property with the bank and ordered the income distributed as agreed. The wife received an assurance of income for a year and the - expectation of ownership in the future upon certain conditions. This is all she had on April 27, 1920, and she received no more before decedent’s death. It has not been shown how the securities were treated in the testamentary proceeding. Were they included in the inventory of the estate? We assume they were. There is not in this record sufficient to establish that they were not part of his gross estate and we sustain the respondent in including them.
As to the real property, the respondent appears to have excluded it from the gross estate when the deficiency was determined. By an affirmative allegation in his answer he pleaded the right now to include it. We think he has not established his claim. The deed was executed on April 27, 1920. Nothing more has been proven about the ownership than this, and hence it can not be said that the property was owned by decedent when he died. The deficiency should therefore not be increased on this account.

Judgment will be entered under Rule 50.